# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| EMG TECHNOLOGY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 6:16-CV-00484-RWS-JDL |
| v. | § | |
| | § | |
| ETSY, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge (Docket No. 56 (hereinafter, "R&R")), which contains his recommendation for the disposition of such action, has been presented for consideration. The Magistrate Judge recommended granting Defendant Etsy Inc.'s Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) (Doc. No. 11), reasoning that the patents, U.S. Patent Nos. 6,600,497 ("the '497 Patent") and 7,194,698 ("the '698 Patent") (collectively, "the Asserted Patents"), are directed toward ineligible subject matter under 35 U.S.C. § 101. R&R at 25. Plaintiff EMG Technology, LLC ("Plaintiff") filed objections to the Magistrate Judge's Order (Docket No. 57 (hereinafter, "Obj.")). The Court reviews *de novo* the portions of the Magistrate Judge's findings to which Plaintiff has raised objections. 28 U.S.C. § 636 (b)(1).

Plaintiff objects to several "findings and legal conclusions" of the Magistrate Judge but does not articulate specific reasons for those objections.[1] Obj. at 1–2. Plaintiff provides specific arguments primarily on two grounds: (1) that the Magistrate Judge wrongly concluded that the claims are abstract ideas; and (2) that the Magistrate Judge erred by concluding that the claims lack inventive concepts. *Id.* at 2, 5. For the reasons that follow, Plaintiff's objections are **OVERRULED**.

**Ground 1: Abstract Idea Analysis Under *Alice* Step-One**

Plaintiff objects to the Magistrate Judge's conclusion that the "claimed invention is directed to an abstract idea of displaying information in a hierarchical tree format on a computer screen." Obj. at 2. Specifically, Plaintiff first argues that "[w]hile navigating the Internet involves decision making, the 'gist' of the claims is not a decision tree, but a webpage interface to navigate the Internet on an unconventional device, i.e., something other than a standard PC display." *Id.* at 3. Second, Plaintiff argues that the Magistrate Judge mistakenly relied upon *Apple, Inc. v. Ameranth, Inc.,* 842 F.3d 1229 (Fed. Cir. 2016) because the claimed features in the Asserted Patents (e.g., unique input, navigation matrix, client node) are not recited in the *Amernath* claims. Obj. at 3–4. Third, Plaintiff argues that the Magistrate Judge erred in concluding that the claims of the Asserted Patents broadly "preempt any specific solutions" to display and navigate information on the Internet. Obj. at 4.

---

[1] Plaintiff provides a bullet-list of sentences from the R&R to which it takes exception without providing further information, such as:

- "The related '698 Patent also claims a similar invention, the only difference is that the information, which is being displayed and navigated, pertains to advertisements."

Obj. at 1 (quoting R&R at 13).

Presumably, Plaintiff objects to these sentences in that they contribute to the Magistrate Judge's conclusion that the Asserted Patents are invalid under *Alice*. Because Plaintiff's objections cover, and the Court therefore analyzes *de novo*, both steps of the *Alice* inquiry, Plaintiff's unstated objections to the bullet-list of sentences are addressed in response to Plaintiff's stated objections, discussed below.

Plaintiff's first argues that the claims are directed to "a webpage interface to navigate the Internet on an unconventional device" rather than "displaying information in a hierarchical tree format on a computer screen." In support of its argument, Plaintiff states that "the specification discloses that non-standard devices [. . .] can navigate content on the Internet using a custom browser." Obj. at 3.

First, Plaintiff conflates what may be permitted by some embodiments of the claimed invention with the invention as claimed. The claims of the '497 Patent posit a multidimensional navigation matrix (i.e. at least two "two-dimensional layer[s]" arranged along a third "depth" dimension), which may be properly called a "hierarchical tree format." '497 Patent, claims 1, 9, 20. The claims of the '698 Patent are directed to displaying Internet-derived content related to a selected advertisement and "formatted for navigation with unique inputs" in response to receiving a user selection of a displayed advertisement (i.e. using at least one layer of a multidimensional hierarchical tree format). '698 Patent, claims 1, 23, 45. This multidimensional navigation matrix or hierarchical tree format is the focus of the Asserted Patents' specification and claims.

Second, the Asserted Patents do not limit the display of the navigation matrix to "unconventional device[s]." Rather, the Asserted Patents teach that the "client node" on which the navigation occurs may be a generic personal computer in addition to a custom terminal device. *See* '497 Patent, col. 2:55–58 ("Content partners provide content to the information and services hub in a specified format that facilitates its use by the client nodes **20**, **22**."); Fig. 1 ("showing custom browser node **22** as a generic personal computer"). Because the "custom browser node **22**" and the "custom terminal device **20**" may include generic personal computers in addition to "unconventional device[s]," they are aptly categorized as "computers" without further specificity. Accordingly, the Court concurs with the Magistrate Judge that the claims of the Asserted Patents

are directed to the abstract concept of "displaying information in a hierarchical tree format on a computer screen."

Plaintiff's second argument alleges that the Magistrate Judge mistakenly relied upon *Apple, Inc. v. Ameranth, Inc.,* 842 F.3d 1229 (Fed. Cir. 2016). Obj. at 3. Admitting that both sets of claims involve a "graphical user interface," Plaintiff distinguishes the instant claims from the *Ameranth* claims by arguing that certain claimed features in the Asserted Patents (e.g., unique input, navigation matrix, client node) are not recited in the *Amernath* claims. *Ameranth* is instructive here because it involved a similar, albeit not identical, claimed invention, and it was therefore not error for the Magistrate Judge to rely on *Ameranth* in analyzing the instant claims. *See Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1294 (Fed. Cir. 2016)); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016) ("[B]oth this court and the Supreme Court have found it sufficient to compare claims at issue to those claims already found to be directed to an abstract idea in previous cases.").

Moreover, the Magistrate Judge was correct to find that the instant claims are directed to an abstract idea similar to the one to identified in *Ameranth* because the instant claims resemble the claims in *Ameranth*. Plaintiff admits that the claims both here and in *Amernath* recite a "graphical user interface" that displays information in a "generic hierarchical tree format." Obj. at 3. Because the Court has determined that the claims are directed to the hierarchical tree format, the additional features cited by Plaintiff are more properly considered under step 2 of the *Alice* inquiry. In sum, the Court agrees with the Magistrate Judge's conclusion and finds no error in the Magistrate Judge's analysis under *Alice* step one.

Plaintiff third argues that the Magistrate Judge erred in concluding that the claims of the Asserted Patents broadly "preempt any specific solutions" to display and navigate information on

the Internet. Obj. at 4 (citing R&R at 9). The scope of preemption relates to *Alice* step two, and the Court will consider Plaintiff's argument in that context. Plaintiff's argument regarding preemption therefore does not disturb the Court's finding under *Alice* step one that the claims are directed to the abstract concept of "displaying information in a hierarchical tree format on a computer screen."

### Ground 2: Inventive Concept Analysis Under *Alice* Step-Two

Before addressing the arguments Plaintiff advances under Ground 2, the Court addresses Plaintiff's preemption argument raised under Ground 1. While preemption may "signal patent ineligible subject matter, the absence of complete preemption does not demonstrate patent eligibility." *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1098 (Fed. Cir. 2016) (citing *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015); *see also OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362–63 (Fed. Cir. 2015) (holding claims do not become "any less abstract" due to lack of complete preemption). Where "a patent's claims are deemed only to disclose patent ineligible subject matter under the *Mayo* framework, . . . preemption concerns are fully addressed and made moot." *Id.* Thus, even if the Court assumes that the Asserted Patents do not preempt "all forms of navigating a computer network," Obj. at 5, the claims may yet be invalid under *Alice*. As explained below, that is the case here.

Plaintiff objects on the grounds that the Magistrate Judge erroneously concluded under *Alice* step two that the claims lack inventive concepts. Obj. at 5. Plaintiff first argues that the claims of the Asserted Patents are more similar to the claims in *DDR Holdings*, which the Federal Circuit determined to be patent eligible, than the claims in *Amernath*. *Id.* at 6. Second, Plaintiff argues that "[t]he Report also erred by concluding that 'the specification does not place meaningful limitation on the computer equipment to implement the claimed invention' and 'the claims . . .

simply recite generic computer components to implement the abstract idea.' " *Id.* at 7 (citing R&R at 19, 21). Finally, Plaintiff argues that it was error for the R&R to conclude that "[t]he dependent claims of the Asserted Patents similarly add nothing of substance that would affect the patentability of the claims under § 101." *Id.* (citing R&R at 23–24).

Plaintiff's first argument—that this case is more like *DDR Holdings* than *Ameranth*—is without merit. In its Objections, Plaintiff compares parts of claim 35 of the '698 Patent with parts of claim 19 of U.S. Patent No. 7,818,399, which was analyzed in *DDR Holdings*. However, the parts of the claim from *DDR Holdings* on which Plaintiff relies exclude limitations providing for a "composite web page by an 'outsource provider' that incorporates elements from multiple sources" including information from a second, linked web page and visual elements from a first, host web page. *See DDR Holdings*, 773 F.3d at 1258–59. Because Plaintiff's comparison does not include the very features the Federal Circuit relied on in upholding the validity of the *DDR Holdings* claims, s*ee id.* at 1259, Plaintiff's comparison confirms rather than refutes that the instant claims lack an inventive concept.

Plaintiff's second argument seeks to refute that "the specification does not place meaningful limitations on the computer equipment to implement the claimed invention" and "the claims . . . simply recite generic computer components to implement the abstract idea." Obj. at 7 (internal quotations omitted). Plaintiff argues that the R&R improperly "focuses on the conventional features to the exclusion of the unconventional features (e.g., displaying content on a custom device in using a simplified interface)." *Id.* As explained above, displaying the "simplified interface"—the hierarchical tree format—taught in the specification of the asserted patents *is* the abstract idea, and the claims are not limited to "custom device[s]." Rather, as described by the Magistrate Judge, the claims may be satisfied using only generic computer

components.  Accordingly, the Magistrate Judge correctly found that the claims do not meaningfully limit the abstract concept.

Finally, Plaintiff argues that the Magistrate Judge erred in concluding that the dependent claims of the Asserted Patents add nothing to affect the patentability analysis under § 101.  Obj. at 7.  Plaintiff states that claims 14 and 36 of the '698 Patent contain an inventive concept because of the additional limitation of "displaying a background advertisement at least partially visible behind the first navigation layer."  *Id.* at 7–8.  Plaintiff also asserts that claim 6 of the '497 Patent contains an inventive concept because it provides that the client node comprises a television and "using a television to display and navigate the Internet was unconventional in 1999."  Obj. at 8.

Plaintiff's arguments are again without merit.  Displaying a background advertisement either partially or entirely (i.e. at least partially) visible behind some useful information is a time-worn advertising technique, and the requirement that such an advertisement appear behind the claimed graphical interface is not a meaningful limitation on the abstract idea.  Similarly, displaying information transmitted over a network is the conventional use of televisions, and using the television as a display device for the other generic computer components (e.g., processor) does not meaningfully limit the equipment that may be used to actualize the abstract hierarchical tree of the claims.  In sum, the Magistrate Judge adequately analyzed whether the additional limitations of the dependent claims provide an inventive concept, and the Court agrees with his conclusion that they do not.

**CONCLUSION**

Having conducted a de novo review of the Magistrate Judge's recommended disposition, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the Order of this Court.  All objections are **OVERRULED**.  Defendant's Motion to Dismiss for Failure to State a Claim (Doc. No. 11) is **GRANTED**.

**SIGNED this 1st day of March, 2017.**

                                                                         ROBERT W. SCHROEDER III
                                                                         UNITED STATES DISTRICT JUDGE