IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **EMG TECHNOLOGY, LLC,** | § § | |
| **Plaintiff,** | § § § | **CIVIL ACTION NO. 6:16-CV-00484-RWS** |
| v. | § § § | |
| **ETSY, INC.,** | § § § | |
| **Defendant.** | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Etsy, Inc.'s ("Etsy") Motion for Declaration of Exceptional Case and Award of Attorneys' Fees (Doc. No. 66). Plaintiff EMG Technology, LLC ("EMG") has filed a response (Doc. No. 67), to which Etsy has filed a reply (Doc. No. 70), and EMG has filed sur-reply (Doc. No. 71). Upon consideration of the parties' arguments, Etsy's Motion (Doc. No. 66) is **DENIED**.

### BACKGROUND

On June 2, 2016, EMG filed a complaint against Etsy, alleging infringement of U.S. Patent Nos. 6,600,497 ("the '497 Patent") and 7,194,698 ("the '698 Patent") (collectively, the "Asserted Patents"). On August 1, 2016, Etsy filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that the claims of the Asserted Patents were directed to patent ineligible subject matter under 35 U.S.C. § 101. (Doc. No. 11.) On January 25, 2017, prior to claim construction in this matter, the undersigned issued a Report and Recommendation, finding that the claims of the Asserted Patents were directed to an abstract idea and did not contain any transformative elements alone or in combination. (Doc. No. 56.) Thereafter, Judge

1

Schroeder adopted the undersigned's findings, concluding that the claims are directed to the abstract concept of "displaying information in a hierarchical tree format on a computer screen," and that none of the elements of the claims transformed the claims into an inventive concept. (Doc. No. 60.) On March 3, 2017, the Court entered final judgment that all of the claims of the Asserted Patents are invalid because they are directed to patent-ineligible subject matter under 35 USC § 101. (Doc. No. 61.) Thereafter, Etsy filed the instant motion seeking to declare the case exceptional under 35 U.S.C. § 285 and seeking attorneys' fees.

## LEGAL STANDARD

35 U.S.C. § 285 provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." A case is exceptional when it "stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014). Whether or not a case is deemed "exceptional" is a matter left to the Court's discretion and must be made on a case-by-case basis, with consideration of "the totality of the circumstances." *Id*.

Some factors the Court may consider in making its determination under § 285 are "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 1756 n.6. To be considered exceptional, conduct need not be "independently sanctionable." *See id*. Nor is a finding of bad faith required; "a case presenting either subjective bad faith or exceptionally meritless claims" may warrant an award of fees. *Id.* at 1757. "Ultimately, a party's entitlement to attorney fees need only be proved by a preponderance of the evidence." *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-764,

2015 WL 1284826, at *1 (E.D. Tex. March 20, 2015) (Bryson, J, sitting by designation) (citing *Octane*, 134 S. Ct. at 1758).

## DISCUSSION

Etsy contends that this case is exceptional under § 285 and that it should be awarded attorneys' fees incurred in defending the case. (Doc. No. 66, at 5.) Etsy contends that the case is exceptional because Etsy contends that EMG has been engaged in cost of defense settlement extractions and because EMG should have known the claims of its Asserted Patents were invalid upon issuance of the Supreme Court's decision in *Alice*. *Id.*

Specifically, Etsy first argues that EMG's case was objectively unreasonable because its claims were facially directed to patent ineligible subject matter. (Doc. No. 66, at 10.) EMG points out that the undersigned's findings regarding invalidity relied heavily on *Apple, Inc. v. Ameranth, Inc.*, a case that did not issue until November 29, 2016, six months after the filing of this case, and after briefing on Etsy's motion had completed and the Court had conducted oral argument on the motion. (Doc. No. 67, at 9.) Indeed, the undersigned carefully considered *Ameranth* in finding the claims invalid, noting that it is "particularly instructive because the claimed invention at issue in that case is similar to the claimed invention of the Asserted Patents." (Doc. No. 56, at 10.) Judge Schroeder further noted the instructive nature of *Ameranth* because it involved a similar claimed invention. (Doc. No. 60, at 4.)

Here, Etsy predominately relies on the fact that EMG should have known its claims were invalid under the current state of the law. Yet, Etsy concedes that this Court's primary reliance in invalidity the claims was on a Federal Circuit case that did not issue until six months after this case was filed and after the briefing on Etsy's motion was completed. Although this case was filed after the Supreme Court's decision in *Alice*, that fact alone does show that EMG's conduct in filing this suit was objectively unreasonable. Indeed, as many courts have noted, invalidity

3

under 35 U.S.C. § 101 (even post *Alice*) is a difficult question for the courts that turns upon malleable tests constantly evolving in application at the Circuit court. *See, e.g.*, *Eclipse IP LLC v. McKinley Equip. Corp.*, No. SACV 14-154-GW AJWX, 2014 WL 4407592, at *3 (C.D. Cal. Sept. 4, 2014) ("So, the two-step test [of *Alice*] may be more like a one step test evocative of Justice Stewart's most famous phrase") (citing *Jacobellis v. State of Ohio*, 378 U.S. 184, 197, 84 S.Ct. 1676 (1964) (Stewart, J. concurring) ("I shall not today attempt further to define the kinds of material I understand to be embraced within that shorthand description; and perhaps I could never succeed in intelligibly doing so. But I know it when I see it ....). Moreover, the fact that the Court resolved the case at the pleading stage, prior to claim construction, "is not necessarily a judgment on the relative strength or weakness of the patentee's litigation position." *Gametek LLC v. Zynga, Inc.*, No. CV 13-2546 RS, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014) ("Nowhere does *Octane* suggest a shift to the 'English Rule' whereby a party who concludes a case on a pleading motion invariably gets his or her fees.")

Etsy further argues that this case is exceptional because EMG is a non-practicing entity that has been engaged in extracting low dollar settlements. (Doc. No. 66, at 13.) Etsy notes that EMG brought two other lawsuits post *Alice*, where EMG settled with defendants once those defendants informed EMG of their intent to file for Covered Business Method Review ("CMBR") in one case, and after they filed CMBR petitions and a similar motion to dismiss in the other case. *Id.* at 6–7. EMG notes that it is a family owned company started by the inventor of the Asserted Patents, and that the two other cases cited by Etsy altered the considerations of litigation due to the costs of CBMR in which EMG had to make a business judgment. (Doc. No. 67, at 16–18.) Nothing about this conduct renders the case exceptional.

4

Etsy has not proven that the history of EMG's litigation or its conduct in this litigation makes this case exceptional. The claims of the Asserted Patents were never invalidated by the court or the Patent Trial and Appeal Board ("PTAB") in either of the two other cases cited by Etsy. Indeed, review of the CBMRs was never instituted by the PTAB and the related motion was never ruled on by this Court. The fact that EMG reached a settlement with those parties prior to institution or a ruling from the court does not make this case exceptional. These two cases do not show that EMG was involved in abusive litigation conduct and do not compel the Court to second guess the business judgment of EMG in reaching settlement. Similarly, the existence of the CMBR petitions or prior 12(b)(6) motion do not make EMG's position objectively unreasonable. As explained above, the Court primarily relied on a case that did not issue until after briefing on this matter was completed and oral argument occurred. Moreover, because a judgment has now been entered finding the claims of the Asserted Patents invalid, this is not a case where finding the case exceptional and awarding fees would advance considerations of deterrence.

In sum, Etsy has not shown that this case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 134 S. Ct. 1749, 1756 (2014). Accordingly, the Court **DENIES** Etsy's Motion (Doc. No. 66) to declare this case exceptional and award fees.

## CONCLUSION

For the reasons discussed above and pursuant to 35 U.S.C. § 285, the Court finds that this is not an exceptional case. Accordingly, Etsy's Motion (Doc. No. 66) is **DENIED.**

**So ORDERED and SIGNED this 26th day of April, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE